Date signed March 15, 2011



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | |
|---|---|
| IN RE: : <br> : <br> DAVID LYNN GIFFORD : <br> : <br> Debtor : <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : <br> JANET McDONALD : <br>         Movant : <br> vs. : <br> : <br> DAVID LYNN GIFFORD : <br>         Respondent : <br> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - : | Case No. 10-28475PM <br> Chapter 7 |

**MEMORANDUM OF DECISION**

      Before the court is a Motion for Relief from Automatic Stay of 11 U.S.C. § 362(a) filed by Janet McDonald, an alleged injured party in a personal injury action pending in the District Court of Maryland for Calvert County. Inasmuch as Debtor received a discharge on November 24, 2010, the automatic stay terminated at that time pursuant to § 362(c)(2)(C) of the Bankruptcy Code, at which time it was replaced by the discharge injunction of § 524(a). Movant was not scheduled and did not receive timely notice of the filing of this bankruptcy case. Thus, Section 523(a)(3) of the Bankruptcy Code must be considered. That section of the Bankruptcy Code provides:

**11 U.S.C. § 523.  Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
* * *
(3) neither listed nor scheduled under 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

However, § 523(a)(3) is inapplicable to the instant case, and the outcome of this matter is controlled by § 523(a)(9) of the Bankruptcy Code that provides:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
* * *
(9) for death or personal injury caused by the debtor's operation of a motor vehicle, vessel, or aircraft if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug, or another substance.

The court understands that the pending cause of action is based upon Debtor's operation of a motor vehicle while he was under the influence of alcohol, thereby making his operation of the motor vehicle unlawful.  If personal injuries are claimed, pursuant to 28 U.S.C. § 157(b)(5), such a claim, if tried in a federal court, must be tried before the District Court in which the bankruptcy case is pending.  However, under 28 U.S.C. § 1334(b), the District Court has original but not exclusive jurisdiction of all civil proceedings arising in and related to cases under Title 11.  Thus, this action  may be tried either in state court or in the United States District Court for the District of Maryland.  It is well-settled that, where there was liability insurance in place with respect to a tort action against a discharged debtor, a discharge does not affect a liability insurer's responsibility to cover any judgment.  The debtor's liability is only nominal, and an action against the debtor does not run afoul of the discharge injunction.  *See Matter of Shondel*, 950

F.2d 1301 (CA7 1991); *Matter of Edgeworth*, 993 F.2d 51 (CA5 1993).   In summary, the personal injury aspect of the claim is not discharged, and the property damage aspect of the claim may proceed with recovery limited to the proceeds of any applicable liability insurance policy.

  An appropriate order will be entered.


cc:
Robert J. Zarbin, Esq., 14350 Old Marlboro Pike, Upper Marlboro, MD 20772
Paul J. Dougherty III, Esq., 132 Main Street, Prince Frederick, MD 20678
Gary A. Rosen, Trustee, One Church Street, #802 Rockville, MD 20850
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770

**End of Memorandum**